UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GWENDOLYN BOSTICK,

       **Plaintiff,**

v.                                                          Case No. 8:23-cv-02239-AAS

FRANK BISIGNANO,[1]
Commissioner of Social Security,

       **Defendant.**
_____/

## ORDER

Plaintiff Gwendolyn Bostick's counsel moves for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $20,924.50. (Doc. 32). The Commissioner neither supports nor opposes the motion.[2] (*Id*. at pp. 7–8).

Ms. Bostick filed an application for a period of disability and Supplemental Security Income on July 10, 2020, alleging an onset of disability on July 5, 2020. (Tr. 237–43, 244–45). The claim was denied initially on

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Leland Dudek as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] When the Commissioner does not object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

1

January 22, 2021 and upon reconsideration on February 25, 2022. (Tr. 153–59, 167–74). Ms. Bostick timely filed a request for a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued an unfavorable decision on December 28, 2022, finding that Ms. Bostick was not disabled. (Tr. 15–43). The Appeals Council denied Ms. Bostick's request for review of the ALJ's decision. (Tr. 231–33). Ms. Bostick then filed a complaint in this court. (Doc. 1). The court remanded the ALJ's decision for further consideration, and the Clerk entered judgment for Ms. Bostick. (Docs. 27, 28). The Commissioner found Ms. Bostick disabled on remand.

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed 25% of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Social Security Administration awarded Ms. Bostick past-due benefits and withheld $20,924.50 to pay attorney's fees. (Doc. 32-1). Ms. Bostick's counsel now requests this amount.

The court awarded Ms. Bostick $3,180.06 in attorney's fees under the EAJA. (Doc. 31). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012). Ms. Bostick's counsel must refund any attorney's fees awarded under the EAJA.

Accordingly, it is **ORDERED** that the Motion for Attorney's Fees Under

42 U.S.C. § 406(b) (Doc. 32) is **GRANTED**. Ms. Bostick's counsel is awarded

**$20,924.50** in attorney's fees and must refund the $3,180.06 in attorney's fees

received under the EAJA.

  **ENTERED** in Tampa, Florida, on January 30, 2026.

                      _Amanda Arnold Sansone_

                  AMANDA ARNOLD SANSONE
                  United States Magistrate Judge